Case number 12-1148, Logan Trust Appellant, Tiger's Eye Trading, LLC, et al, versus Commissioner of Internal Revenue Service. Mr. Autry for the appellant, Mr. Wiener for the affidavit IRS. Good morning. Mr. Autry. The parties only differ in this case as to the grounds for reversal, not whether there ought to be a reversal. We'd like to focus upon the three most important grounds for reversal. One, vertical stare decisis is absolute. If vertical stare decisis is not defended in the breach, in a breach here that prompted the dissent to say, before today, our court, the tax court, recognized and reported of appellate authority, then frankly, the rule of law is not a rule. Two, Scott Logan is absolutely entitled to a fair trial when he finally gets his day in court on his reasonable cause, 16 to 17 years after the Supreme Court, Justice Scalia, in Woods, three times stressed that the imposition of penalties at the partnership level are provisional, subject to change, and went on to make the point that every partner is free to raise, in his subsequent partner-level proceeding, any reason why the penalties should not apply to him specifically. Yet the tax court in Tigers I-1 said, Mr. Logan, we bar you from asserting your partner-level defenses in the partnership proceeding, but we simultaneously assert partnership jurisdiction to determine this promoter status to sort of distract. Did you bring this argument up when you challenged the stipulated settlement, the argument about Curtis Malay and reasonable reliance? We, that would be a point of appeal. The decision document was attacked and the request for the You all brought a challenge to the settlement, right, as you were entitled to do. Yes. And in that challenge to the settlement, did you raise the We challenged the Curtis Malay argument. The language we suggested to the penalties would take care of this problem. We did not ask the court to reconsider its early memorandum opinion. The language regarding overvaluation penalties? No, in the decision document, we made clear that the penalties I'm sorry, I don't know what you mean by that. What do you mean by the decision document? In your challenge, December 1, 2009, the tax court entered a decision document. Okay, that's right. We moved to modify that language, Your Honor. And we proposed certain changes in that language that would protect our penalty provision. Everything was filed with the tax court before that. In fact, we moved to concede the case. So why does that have to do with what I'm calling the Curtis Malay argument? Because the Curtis Malay argument, it attaches to our reliance, Mr. Logan's partner-level reliance in the subsequent partner-level proceeding. It's a penalty and a reliance that attaches to the partner-level proceeding. In the decision document, we reserve the right, we say the partnership proceeding cannot address any penalties that attach to affected items, partner-level affected items. So we addressed it there. We addressed it in pleadings leading up to that instance. We addressed it three times in our opening brief in this court, three times in the first ten pages. We addressed it in our conclusion on page 56 of our opening brief. And so that particular point, the recurring point for us, is that it is inappropriate for the tax court to simultaneously bar someone from defending themselves with their partner-level defenses and then at the same time assert jurisdiction to enter a partnership level that the tax court at page 8 of its slip opinion in Tigers I-1 would say would preclude the subsequent partner-level proceeding that the Supreme Court guaranteed in Woods. What exactly are you worried about with respect to the Curtis Malay? What are you worried about? Because I didn't see a determination on whether Curtis Malay was a promoter. If there hasn't been any determination yet, then why are you worried about anything? Well, you know, we have mixed emotions, Judge Srinivasan, in that the government says that the partnership proceeding could not preclude our partner-level defenses, but we're anticipating, and the implication of the government's brief is that, well, there's this partnership item as promoter status, and since there's not a ruling on that as to promoter status at the partnership level, you're going to be precluded that when we get to the partner level, they're going to say we're either prejudiced or precluded from asserting a reasonable cause reliance upon partner-level. What's that defense going to look like if, in fact, Curtis Malay was determined to be a promoter? What's your defense going to look like? Well, I think the answer is— If you're allowed to bring it at the partnership level. At the partner level? Partnership level. Partnership level. We can't bring it at the partnership level because— I'm sorry, I'm sorry. If you're allowed to bring it at the partner level, what does that defense look like? The way that defense is, we read Woods and the American Boat decision together. If where you have a non-managing partner, somebody that's not representing the partnership who's proceeding on their own, they may assert that defense, and what that defense will be is Scott Logan, not the partnership, engaged Curtis Malay. Scott Logan, not the partnership, paid Curtis Malay for those services. Scott Logan, not the partnership, obtained the opinion. Scott Logan, not the partnership, relied upon that opinion. And he had independent, long-term— So your point is you could prevail even if they were a promoter? I think the significance— Can you split those two, or do they— The most important part is, under American Boat, you look to what was known to the individual. Based on what Scott known, he had every reason to rely on them. So the answer is, could there be a finding that Curtis Malay was a promoter, and you still prevail on a reasonable defense? There could conceivably be a finding at the partnership. I don't think—it's not a partnership item, but if one were to conclude it were a partnership item, there could conceivably be a holding at the partnership level that Curtis Malay is a promoter for reasons unbeknownst to Scott Logan. Gotcha. And his reliance defense, which must be under American Boat, be based on what he understands be a valid reliance defense. And he and the other advisors that he engaged may rely upon the contents of that opinion. So that's what our defense will look like. Okay. Well, so if there can be a finding that Curtis Malay was a promoter, and you still prevailed on your reasonable reliance defense, then I'm missing why it's significant that it happened at the same stage and not at different stages. Judge Griffin, it's this reason. We don't want to be prejudiced when we get there. We want a fair trial based upon what I quite know. But at the partnership level, the determination made that Curtis Malay is a promoter, and then at the partner level you come in and say, why— We will argue that. We'd rather not have to deal with the separate status of an adverse inference or anything of that sort with respect to Curtis Malay. It's the analysis that the Seventh Circuit went through in American Boat. They took a more studied approach and said, when is a reasonable reliance defense a partnership defense, and when is a reasonable reliance defense a partner level defense? And the answer there, which perfectly captures this case, and is completely consistent with the three cases that the Department of Justice cites in its brief, is that where someone is representing the partnership, you make a partnership determination by looking at the activities of the general partner or the managing member or the tax matters partner, all three of those cases, those people in their representative capacities received opinions and relied upon those opinions. So that's the appropriate analysis for a partnership level analysis. There's a reliance at the partnership level on behalf of the partnership level. Where, as in this circumstance, the non-managing partner receives the opinion and relies upon the opinion, and he has other people analyze the opinion, that's an exclusively partner level determination. The question of promoter status is a question of the independence of the firm upon whom he relies. That promoter status tracks and is only relevant to the extent that someone has asserted a reasonable cause defense at that particular level. In this case, this partnership case, the partnership never asserted that it relied upon Curtis Malay. Never. Never once. Scott Logan did, and we filed a motion for summary judgment to see if we could argue in this case, and the court said, no, you can't. Fine. Let us go forward and get our benefit as Judge Scalia assured us that we could raise, we're free to raise any reason at the partner level, and that we shouldn't be prejudiced when we get there. There's a similar provision, excuse me, Judge Henderson, do you have a question? My question is, why isn't this premature? Why is this right? I'm hearing you say that the partnership itself never relied on Curtis Malay, and you want to make sure that you can say we did in good faith rely on that at the partner level. I don't see where the case or controversy is. It's a peculiarity in the Tefra partnership rules. If you take the different slices of Tiger's Eye 1, the court says, you have to, Mr. Logan, you have to pursue your partner level defenses at the partner level, but we at the partnership level can make a promoter determination, and if we at the partnership level make a promoter determination, you're barred from your reasonable cause defense even though you've never had your trial. And so from a rightness, it's a great question, from a rightness consideration, is it right? It is right because the assertion that the partnership jurisdiction to make some determination that would bar the partner level defense runs contrary to Woods, and it has to be, we need to make clear. Can I say this? You just divided it up into two phases. One is the partnership level determination of whether Curtis Malay is a promoter. The second is whether your client can establish a reasonable cause defense. If the government agrees with you that the proper reading of Woods is that the reasonable cause defense is something that can be asserted at the partner stage because Woods tells us that, then are you fine? That's half a loaf. We need to demonstrate, we need to establish, it's not essential, but it would be helpful for us to establish that whether or not one may reasonably rely upon somebody, that is, are they a promoter or not a promoter, tracks the response to the reasonable cause defense. There's no basis, the final partnership administrative adjustment never says anything about promoter. There's nothing in there with one exception. There's only one element, one adjustment in the final partnership administrative adjustment. So you don't want anything about the promoter issue to be handled at the partnership level? Absolutely. I think the independent status, promoter versus non-promoter, only arises in the context of where someone has asserted, I relied upon those people, and then the question is whether or not did you rely upon them on behalf of the entity or just in your individual capacity. Here, the facts are clear. Well, can't you make the promoter determination quite apart from the reliance issue? I'm not seeing why that has to be made at the partner level. Maybe I'm missing something. Because it's only relevant to the independence of the firm upon which you rely. There's no other reason to make that determination with one exception. And this was our third point. Our third point was the tiger's eye to deeming the final partnership administrative adjustment correct must be reversed because it states in the final partnership administrative adjustment that a rejection of the reasonable cause of all of the partners. And so that's directly contrary to Woods. And just as we're bound here by the vertical stare decisis from Woods, we would say the tax court should have been bound by the vertical stare decisis. This is almost an academic point. But your argument about stare decisis is a little bit overstated here. I mean, I'm all for stare decisis and the rule of law. We're all for that. But the tax court does occupy a bit of a unique place in jurisprudence, right? I mean, there is an interesting discussion, maybe it's just an academic discussion for purposes of this case, about what role they are to play vis-a-vis the appellate courts. You'll acknowledge that, right? Absolutely, Judge Griffith. Because you used to argue that, I presume. There are interesting legislative arguments about the tax court being a national forum and that when the tax court says we're not obligated to follow a circuit authority, even though this case is appealable to the circuit court when we think it's to be incorrect. They clearly spent a lot of time and effort talking about that. But the answer is that Congress has already addressed it, that the tax court under Section 74A2 of the Internal Revenue Code, Title 26, Congress said that the tax court is subject to the same appellate rules in the same manner and to the same extent as a federal district court sitting without a jury. And so the deep concern is, are we saying to anyone who files a case, any taxpayer who files a case in the tax court, that you must run the gauntlet at the expense of a tax court trial before you can get the court of appeals to have the court of appeals authority applied and then go back? And we say that in the context of a case that deals with facts 15 years ago. Scott Logan's not going to get to trial on his reasonable cause. He was 60 then. He's 65 now. He's going to be 75 now. These sorts of delays are points of grave concern. So the straightforward answer is that the tax court ought to be bound under Section 74A2 in the same way that every other federal district court judge is because those people are entitled to have the law applied to them in their circuits in a consistent way. My time has expired. Thanks very much. All right. We'll give you some time to rethought. Scott. Good morning, and may it please the Court. Andy Weiner for the Commissioner of Internal Revenue. Just in order to start out to sort of clear the underbrush, there are three issues in this case in which two of them are not in dispute. The issue as to whether the tax court had jurisdiction to determine the applicability of the gross valuation of the statement penalty is not at issue because the Logan Trust has conceded that issue. The issue as to whether the tax court lacked jurisdiction to determine outside basis because it's an effective item and not a partnership item and so therefore not appropriately determined at the partnership level, that's an issue that the government has maintained throughout this case and has conceded. And so that's not at issue. And so I'm going to focus my attention today, unless there are any questions, on the third issue as to whether, as you say, Your Honor, the Curtis Millay issue, as to whether it was appropriate for the tax court to determine that it had jurisdiction to determine whether Curtis Millay was a promoter. Do you agree with your friend that they properly raised that issue in Tiger's Eye I in challenging the settlement? Well, no, Your Honor. As we pointed out in our opening brief, or I'm sorry, as we pointed out in our response brief in this case, they made no objections below with respect to challenging the stipulated decision. When they challenged it on the basis of Petaluma II, they made no statements or arguments with respect to the Curtis Millay issue as identifying it as separate from the fact that their argument below in challenging the stipulated decision. You heard your friend's response to my questions about that. What's your reply to what he said? My reply is that he, well, I mean, as I understand it, he said, well, I raised it on appeal. But at the same time is that he stipulated to a decision that effectively took the Curtis Millay issue off the table. The court had determined that it had jurisdiction, and then the parties entered into a stipulated decision effectively mooting the issue. The court never actually addressed whether Curtis Millay was a promoter or not. So Logan Trust willfully entered into a stipulated decision that precluded the final determination of that issue. But as far as the subject matter jurisdiction, the stipulated decision also dealt with the issue that the government concedes, did it not, or am I not remembering correctly, as to the partner basis? Yeah. But we know that we can revisit that. Correct. So what was to preclude, why is the Curtis Millay issue differently situated? Because taxpayers argued in their challenge to the stipulated decision, they specifically addressed the issue as to, they addressed the outside basis point. The outside basis. Yeah. But they didn't address the Curtis Millay issue. It doesn't matter that it goes to subject matter jurisdiction?  Does the, whether the Curtis Millay issue is appropriately considered at the partnership level, which is the argument that they're making. Right. Does that go to the tax court's jurisdiction at the partnership level? And if it does, because that would be the argument I take it, if it does, then is it something that can be waived by fairly to raise it? Well, I think, Your Honor, I would challenge the premise that it goes to subject matter jurisdiction. Beginning with the basic point that the tax court never actually determined whether Curtis Millay was a promoter or not. And so there is no, even if it would have been in theory improper for it to do so, it never did. And so there is no subject matter. There is no question as to whether the courts exercised appropriate jurisdiction, because it didn't exercise its, it didn't exercise jurisdiction in this regard, because the parties agreed to enter into a stipulated decision that took that issue off the table. And so, no, I don't think this would be a subject matter jurisdiction. But it did address whether, it might not have addressed whether Curtis Millay is a promoter, but it did address whether the question of whether Curtis Millay is a promoter is something that should be done at this stage or something that should await the partner stage, which is what I took the. Yeah, that I understand, Your Honor. And what do you mean it took it off the table? You said the settlement took that issue off the table. How so? Well, to be most direct in my response, Your Honor, is that the court in Tiger's I-1 determined that it had jurisdiction to determine that Curtis Millay was a promoter. Right. And so isn't that the very argument they're making now, is that that was wrong, that they didn't have that jurisdiction? And then that's a subject matter jurisdiction question, as Judge Srinivasan just asked. Why can't they bring it up now? Well, I mean, well, first of all, because I. . . I can't bring it up at any time. They've effectively foregoed the ability to challenge that by not challenging it below. But in addition is that. . . But subject matter jurisdiction they can bring up at any time, right? We don't have waiver for that. But, Your Honor, well, I mean, first of all, my answer to Judge Srinivasan was to draw a distinction between. . . The court said that, you know, we have jurisdiction to do this as the proceedings unfold, and I would like to get into why the court actually determined that. But in addition is that the court never actually reached that. It never. . . The court. . . I mean, it would be one thing for the court to have made the determination that Curtis Millay was a promoter, and then you could challenge that potentially on appeal as being, you know, the court lacked subject matter jurisdiction. But the thing is, is that the Logan Trust sort of took a different route. Well, then let me ask you this, then. If it goes back down to the tax court and then this question comes up, can the tax court determine at this stage whether Curtis Millay is a promoter? Will you take the position that, well, that's asked and answered. Look at the first opinion. We've already determined that the tax court can determine that. Or would you say that, no, it's because, as you at least now say, no determination was made as to whether Curtis Millay, in fact, was a promoter. It's open season now, and we have to go back and argue whether this is a question that's appropriately resolved by the tax court. Because I think their concern is, it goes back down, they think, well, we want to be able to argue that this is not a partnership-level determination. This should wait until the partner-level stuff. And what they're concerned about is when the government comes back and says, wait a minute, the first tax court decision already decided that this is a partnership-level determination. We don't even need to resolve that anymore. That question's been asked and answered. What will be your response to that? Well, I guess my response to that is that nobody in this – the Logan's Trust has actually asked for eliminating certain provisions of the final decision in this case. And the government has asked for eliminating other provisions. But nobody's actually asked for the case to be sent back down for determination as to whether Curtis Millay was a promoter or not. And so – and perhaps to shed some light on why that is. Well, then if that happens, then what will happen? So that's an interesting point. So then it's affirmed in part. You agree that it has to be reversed in part because the outside basis point was wrong. Correct. So it has to be affirmed in part and reversed in part. And then if nothing happens, if there's no remand, then is the next stage of proceedings a partner stage? What happens next? Yes, so once the – Okay, then it goes to the partner stage proceedings. Sorry, I didn't mean to cut you off, but is that right? Is it? Correct. And then if that happens, then I take it then we're back at square one. Because then they make the argument, well, I want to revisit whether Curtis Millay was a promoter. And will you come in and say, well, that decision's already been made. The question whether Curtis Millay was a promoter is a partnership level determination. And that – and somehow you would say that decision's already been made. Or would you just say, no, at this point we're starting at ground zero and we get to argue anew whether Curtis Millay was a promoter. Yeah, as I said before, Your Honor, in order to be consistent is that the tax court has never determined that Curtis Millay is a promoter. So we start at ground zero no matter what. Yes, the tax court has determined that Curtis Millay – they had jurisdiction to determine whether Curtis Millay was a promoter. And let me – in order to sort of perhaps shed some light on the procedure here, let me direct the court's attention to what the tax court said as being the reasons for why it could determine that Curtis Millay was a promoter. It gave effectively two reasons. The first reason was that it is an underlying factual legal determination as to whether the partnership was a sham. In order to determine whether the partnership was a sham, you have to determine whether it had economic substance, whether it was a for-profit enterprise. And one of the – one of the indicia that you can look to is to the intent and the activities of the managers and the promoters, those that created and operated the partnership. And so the tax court said, in order to be able to determine whether the partnership – whether Tiger's Eye was a sham or not, I need to be able to look to those who orchestrated the whole son-of-boss transaction, those who conceived of setting up this partnership, having the partners contribute, you know, effectively offsetting positions and, you know, liquidating the partnership and having them claim an inflated outside basis. In order to be able to determine whether that was a sham transaction or not, I am entitled to look to the managers and the promoters of the scheme to make that determination. And so that was one of the reasons. The other reason that the court seemed to indicate was that – and this is something that I believe that Logan's Trust counsel averted to the court below – was that the same legal opinion that Curtis Malay provided to Logan's Trust in this case, it provided to all the partners, and that is true in other similar transactions that were promoted by Sentinel advisors, that were also an issue. I think the court mentioned Jay Trading as being one of those. And so for those two reasons, that it was an underlying factual and legal determination that was necessary to determine whether the partnership was a sham or not, that is one basis for determining whether Curtis Malay was a promoter. So then, okay, then I get back to where I was at the very beginning, which is, is it just an academic question at this point whether the tax court had jurisdiction to assess whether Curtis Malay was a promoter, since they didn't, in fact, make that determination? So then, if the course of events that you foresee is correct, and now we go to a partner-level proceeding, and then you all hash it out on whether Curtis Malay was a promoter, does the fact that the tax court in its initial decision thought it had jurisdiction at the partnership level to make that assessment matter anymore? Is it of any consequence in the secondary, in the partner-level proceeding? Your Honor, I don't believe so. I don't believe it has any practical consequence, other than the fact that Logan's Trust in this appeal is trying to manufacture a basis for somehow reversing some part of the final determination. And that we strongly disagree with. But in terms of now what we foresee happening going forward is that the final determination is entered into this case. The taxpayers will be assessed the tax consequences of the partnership proceeding as well as the penalties. And they will be entitled to bring a refund suit as provided under statute and regulation in which they can assert their reasonable reliance defense. Now, at that point, the parties will presumably litigate the promoter issue because it wasn't, in fact. The tax court in this case contemplated that the promoter issue was potentially an underlying factual legal determination necessary to determine whether the partnership was a sham. As it turns out, it didn't need to do that because the parties stipulated that the partnership, in fact, was a sham. And so now, going forward, the taxpayers and the government will be able to litigate that issue at the partner level. Right. Just so I understand, what, if anything, will prevent Logan Trust from making its argument that Curtis Millay was not a promoter? Nothing, right? There was no determination at the partnership level that Curtis Millay was a promoter. When I said, what, if anything, there's nothing? Nothing. Okay. Thank you. I guess I feel like I've made the points that I needed to make, and so unless there are any other questions, we'll sign on our brief. All right. Thanks. Thank you, Your Honor. Does Mr. Autry have any time? Mr. Autry, do you have any time? All right. Why don't you take a couple minutes? Just a few quick points. Judge Griffin, you're absolutely correct. This is a subject matter determination, which we believe we properly preserve below with our motion for summary judgment, but jurisdiction is so important it may be raised at any stage. But after what the government just said, what difference does it make? You're going to get a chance to say they weren't a promoter, or if they were, he didn't rely on them. And he's just said, nothing prevents you. Nothing prevents you from doing this. And I'm so comforted by those responses and the questions that prompted them. But I will tell you what will happen, and if you study the sometimes nonsensical TEFRA rules, we will get to the partner level, and the question of promoter status will come up, and the government will say that's a partnership item. You cannot litigate partnership items at the partner level. That issue has to be resolved. Well, if he did, Judge Henderson just asked the question, what can be argued to stop this? And he said, nothing. And I presume that included that very line of questioning you're talking about. And I'm praying that the court will hand down an opinion that confirms that, because I envision someone saying when we go to the fair trial, no, the dispute over promoter status is a partnership item. I don't think it's a partnership item. It's clearly a partner level item here, our reliance. But it had to be dealt with at the partnership level. You signed a decision document, which we said we're signing. We never signed the decision document. The TMP signed the decision document. We never signed it. But somebody's going to say, well, the TMP signed the decision document. Anything that could have been argued against you up above, you're stuck with. Well, I'm very comforted by the responses we got. I don't, I cannot rest without saying to you that when we get down below, we're taking to the government's status today as saying there's nothing established about the existence of Curtis Millay's function as a promoter. Thank you. Can I ask you how you would write the opinion? I'm still back at the case of controversy. We have the agreement on two of these issues. We now have the agreement on the third issue that's before us. And I'm having trouble seeing how we would draft an opinion. Okay. I would say we divide, maybe like Caesar divided Gaul into three parts. Handing you a pencil. Oh, yeah, that's right. Oh, good. I thought you were somebody brighter than me. One, I don't think this Court can allow the extensive discussions about vertical story decisis and the dissents go unaddressed. They've set aside the Golsan Doctrine, which has governed the tax court's view of appellate authority for 50 years. And so I don't think that can go unaddressed. Well, I'm just talking about the promoter issue. The second point would be the promoter. It actually takes care of the second and the third point. As to the promoter issue, I would look to the three cases that the government cited in their brief, American Boat, Stobie Creek, 106 Limited. If you study those cases and they're struggling with when is reasonable cause in the associated offenses and rebuttals a partnership item and when is it a partner-level item? And the answer is when it is asserted as a reliance on behalf of the entity, the managing partner, general partner, tax manager partner, on behalf of the entity, it's a partnership item. The reliance is a partnership item. The rebuttal to the reliance that that person, that firm is not independent, their promoter is a partnership item. When the partnership does not assert reliance upon the law firm, only the individual party does in its individual capacity. That reliance must be dealt with. If the tax court correctly held that reliance must be dealt with only at the partner level. And the rebuttal to that reliance that maybe those people are not that independent, maybe their promoter needs to be dealt with at the promoter level. I'm a little bit confused because suppose we don't address any of that. And suppose all that emerges from the decision is a recognition of what it sounds like both you and the government agree on, which is that you will have the opportunity at the partner-level stage to make the argument that Curtis Millay was not a promoter. If you say that, essentially quoting the representations that were made a moment ago in good faith, then I think that will protect us. Thank you. I want to congratulate you for not making any reference to South Carolina in your argument with Judge Henderson here. I wore a tie. It had to be hard to resist. As if my accent doesn't say it all. I was going to say, that's why you had two minutes. I like to hear that Atlanta accent.
judges: Henderson, Griffith, Srinivasan